# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | 2:12-md-02311 Honorable Marianne O. Battani |
| IN RE AUTOMOTIVE STEEL TUBES | : : : | No. 2:16-cv-12949 No. 2:16-cv-04003 |
| THIS DOCUMENT RELATES TO: END-PAYOR ACTION | : : : | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 20th day of December 2017 ("Execution Date") by and between Usui Kokusai Sangyo Kaisha, Ltd. ("Usui-Japan") and Usui International Corporation ("UIC"), together, "Usui", and End-Payor Plaintiff Class Representatives ("End-Payor Plaintiffs"), both individually and on behalf of a class of indirect purchasers of Automotive Steel Tubes ("Settlement Class"), as more particularly defined in Paragraph 12 below.

WHEREAS, End-Payor Plaintiffs are prosecuting the above *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311 (E.D. Mich.) ("MDL Litigation") and No. 2:16-cv-04003 ("Action") on their own behalf and on behalf of the Settlement Class;

WHEREAS, End-Payor Plaintiffs allege that they were injured as a result of Usui's participation in an unlawful conspiracy to raise, fix, maintain, and/or stabilize prices, rig bids, and allocate markets and customers for Automotive Steel Tubes (as defined in Paragraph 7) in violation of Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in End-Payor

Plaintiffs' Second Consolidated Amended Class Action Complaint ("Complaint") (No. 2:16-cv-04003, Doc. No. 20).

WHEREAS, Usui denies End-Payor Plaintiffs' allegations and has asserted defenses to End-Payor Plaintiffs' claims in the Action;

WHEREAS, arm's-length settlement negotiations have taken place between Settlement Class Counsel (as defined below) and counsel for Usui, and this Agreement has been reached as a result of those negotiations;

WHEREAS, End-Payor Plaintiffs, through Settlement Class Counsel, have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving the claims against Usui, according to the terms set forth below, is in the best interests of End-Payor Plaintiffs and the Settlement Class because of the payment of the Settlement Amount and the value of the Injunctive Relief and Cooperation (as those terms are defined below) that Usui has agreed to provide pursuant to this Agreement;

WHEREAS, Usui, despite its belief that it is not liable for the claims asserted and its belief that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Usui with respect to Automotive Steel Tubes based on the allegations in the Action, as more particularly set out below.

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with

prejudice as to the Releasees and except as hereinafter provided, without costs as to End-Payor Plaintiffs, the Settlement Class, or Usui, subject to the approval of the Court, on the following terms and conditions:

A.    Definitions.

1.    "End-Payor Plaintiff Class Representatives" means those Settlement Class Members, as defined in Paragraph 14, below, who are named plaintiffs in the Complaint.

2.    "Cooperation" shall refer to those provisions set forth below in Paragraphs 34-46.

3.    "Cooperation Materials" means any information, testimony, Documents (as defined below) or other material provided by Usui under the terms of this Agreement.

4.    "Defendant" means any party named as a defendant in the Action at any time up to and including the date when the Court has entered a final order certifying the Settlement Class described in Paragraph 12 and approving this Agreement under Federal Rule of Civil Procedure ("Rule") 23(e).

5.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a), including without limitation, electronically stored information. A draft or non-identical copy is a separate Document within the meaning of this term.

6.    "Indirect Purchaser States" means Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

7.    "Automotive Steel Tubes" shall have the meaning set forth in Paragraph 2 of the Complaint.

3

8.      "Opt-Out Deadline" means the deadline set by the Court for the timely submission of requests by Settlement Class Members to be excluded from the Settlement Class.

9.      "Released Claims" means the Claims described in Paragraphs 24-25.

10.     "Releasees" shall refer to (i) Usui, (ii) all of Usui's past and present direct and indirect, parents, subsidiary companies and affiliates, including their respective predecessors, successors and assigns, and (iii) each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the persons and each of the persons and entities listed in (i) and (ii). "Releasees" does not include any defendant in the MDL Litigation other than Usui.

11.     "Releasors" shall refer to End-Payor Plaintiffs Class Representatives and the Settlement Class Members, as defined in Paragraphs 12 and 14, below, and to their past and present officers, directors, supervisors, employees, agents, stockholders, members, attorneys, servants, representatives, parents, subsidiaries, affiliates, principals, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing.

12.     For purposes of this Agreement, the "Automotive Steel Tubes Settlement Class" is defined as:

> All persons and entities that, from December 1, 2003 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Automotive Steel Tube(s) as a component part, or indirectly purchased one or more Automotive Steel Tube(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent

4

companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Automotive Steel Tubes directly or for resale.

13.    "Settlement Class Counsel" shall refer to the law firms of:

Cotchett, Pitre, & McCarthy LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

Robins Kaplan LLP
399 Park Avenue, Suite 3600
New York, NY 10022

Susman Godfrey L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067

14.    "Settlement Class Member" means each member of the Settlement Class who has not timely elected to be excluded from the Settlement Class in a manner consistent with the provisions of Paragraph 29 and such order(s) as the Court may issue.

15.    "Settlement Amount" shall be $5,320,000, and the "Settlement Fund" shall be the Settlement Amount plus any income or accrued interest earned on that amount as set forth in Paragraph 27.

16.    "Vehicles" shall refer to four-wheeled passenger automobiles, vans, sports utility vehicles, and crossover or pick-up trucks.

17.    [This Paragraph 17 has been intentionally omitted.]

B.    Approval of this Agreement and Dismissal of Claims Against Usui.

18.    End-Payor Plaintiffs and Usui shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of

procedures (including the giving of class notice under Rules 23(c) and (e)) to secure the complete, and final dismissal with prejudice of the Action as to the Releasees only.

19.    Within thirty (30) days after the execution of this Agreement, End-Payor Plaintiffs shall submit to the Court a motion seeking preliminary approval of this Agreement ("Preliminary Approval Motion"). At least seven (7) calendar days before submission to the Court, End-Payor Plaintiffs shall provide Usui's counsel with a draft of the Preliminary Approval Motion papers for comment and proposed revisions, which End-Payor Plaintiffs shall reasonably consider. The Preliminary Approval Motion shall include (i) the proposed form of an order preliminarily approving this Agreement, and (ii) a proposed form of order and final judgment that shall include at least the terms set forth in Paragraph 21 below. End-Payor Plaintiffs shall undertake reasonable best efforts to coordinate with the Auto Dealer Plaintiffs to synchronize the filing of motions for preliminary approval of settlements with Usui, the procedural schedule for such motion, and such hearings as the Court may order.

20.    End-Payor Plaintiffs, at a time to be decided in their sole discretion, shall submit to the Court a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all Settlement Class Members identified by End-Payor Plaintiffs ("Notice Motion"). To mitigate the costs of notice, End-Payor Plaintiffs shall endeavor, if practicable, to disseminate notice of this settlement with notice of any other settlements reached in the MDL Litigation. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice.

21.    End-Payor Plaintiffs shall seek, and Usui will not object unreasonably to, the entry of an order and final judgment in the Action, the text of which End-Payor Plaintiffs and

Usui shall agree upon. The terms of that proposed order and final judgment will include, at a minimum, the substance of the following provisions:

(a)     certifying the Settlement Class described in Paragraph 12, pursuant to Rule 23, solely for purposes of this settlement as Settlement Class for the Action;

(b)     as to the Action, approving finally this settlement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 and directing its consummation according to its terms;

(c)     directing that all Releasors shall, by operation of law, be deemed to have released all Releasees from the Released Claims.

(d)     as to Usui, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(e)     reserving exclusive jurisdiction over the settlement and this Agreement, including the interpretation, administration and consummation of this settlement, to the United States District Court for the Eastern District of Michigan;

(f)     determining under Rule 54(b) that there is no just reason for delay and directing that the judgment of dismissal in the Action as to Usui shall be final; and

(g)     providing that (i) the Court's certification of the Settlement Class is without prejudice to, or waiver of, the rights of any Defendant, including Usui, to contest certification of any other class proposed in the MDL Litigation, (ii) the Court's findings in the Order shall have no effect on the Court's ruling on any motion to certify any class in the MDL Litigation or on the Court's rulings concerning any Defendant's motion; and (iii) no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

22.     This Agreement shall become final when (i) the Court has entered a final order certifying the Settlement Class described in Paragraph 12 and approving this Agreement under Rule 23(e) and has entered a final judgment dismissing the Action with prejudice as to Usui and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to Usui described in (i) above has expired or, if appealed, approval of this Agreement and the final judgment in the Action as to Usui has been affirmed in its entirety by the Court of last resort to which such appeal has been taken, and such affirmance has become no longer subject to further appeal or review, and no other motion or pleading is pending in any court. It is agreed that the provisions of Rule 60 shall not be taken into account in determining the above-stated times. On the date that End-Payor Plaintiffs and Usui have executed this Agreement, End-Payor Plaintiffs and Usui shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 27(h) or 47 of this Agreement.

23.     Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, Documents, or discussions associated with them (including Cooperation Materials produced pursuant to Paragraphs 34-46), shall be deemed or construed to be an admission by Usui, or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Usui, or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the MDL Litigation, and evidence thereof shall not be discoverable or used in any way, whether in the MDL Litigation, or any other arbitration, action or proceeding whatsoever, against Usui. Subject to the Protective Order (and designations effected thereunder) as referenced in, inter alia, Paragraph 46, this Paragraph shall not prevent End-Payor Plaintiffs from using and/or introducing into evidence Cooperation

Materials produced pursuant to Paragraphs 34-46, subject to the limitations in those Paragraphs, against any other defendants in the MDL Litigation or in confidential settlement discussions, or to develop and promulgate a plan of allocation and distribution. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by Usui, shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action, arbitration, or proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

C.     Release, Discharge, and Covenant Not to Sue.

24.     In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final, as set out in Paragraph 22 of this Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 26 of this Agreement, into the Settlement Fund, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of or relating in any way to (i) any conduct alleged in the Complaint, and/or (ii) any act or omission of the Releasees (or any of them) concerning Automotive Steel Tubes, including, but not limited to, any conduct and causes of action alleged or asserted or that could

9

have been alleged or asserted, in any class action or other complaint filed in the Action ("Released Claims"), provided however, that nothing herein shall release: (1) any claims made by direct purchasers of Automotive Steel Tubes; (2) any claims made by automotive dealerships that are indirect purchasers of Automotive Steel Tubes; (3) any claims made by any State, State agency, or instrumentality or political subdivision of a State as to government purchases and/or penalties; (4) claims involving any negligence, personal injury, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, securities or similar claim relating to Automotive Steel Tubes); (5) claims concerning any automotive part other than Automotive Steel Tubes; (6) claims under laws other than those of the United States relating to purchases of Automotive Steel Tubes made by any Releasor outside of the United States; and (7) claims for damages under the state or local laws of any jurisdiction other than an Indirect Purchaser State. Releasors shall not, after the date of this Agreement, seek to establish liability against any Releasee as to, in whole or in part, any of the Released Claims unless this Agreement is, for any reason, not finally approved or terminated.

25.     In addition to the provisions of Paragraph 24 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, as set out in Paragraph 22 of this Agreement, any and all provisions, rights, and benefits, as to their claims concerning Automotive Steel Tubes conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

or by any equivalent law or statute of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil

Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are released pursuant to the provisions of Paragraph 24 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that Usui and End-Payor Plaintiffs have agreed to release pursuant to Paragraph 24, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

D.    Settlement Amount.

26.    Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, Usui, shall pay or cause to be paid the Settlement Amount of U.S. $5,320,000. The Settlement Amount shall be paid in U.S. dollars into an escrow account to be administered in accordance with the provisions of Paragraph 27 of this Agreement ("Escrow Account") within thirty (30) days following the later of (i) entry of an order preliminarily approving this Agreement or (ii) the date Usui is provided with the account number, account name and wiring transfer information for the Escrow Account.

27.    Escrow Account.

(a)    The Escrow Account will be established at Wells Fargo Bank with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions regarding investment types and reinvestment of income and proceeds mutually acceptable to Settlement Class Counsel and Usui, such escrow to be administered by the Escrow Agent under the Court's continuing supervision and control.

(b)    The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the

United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates. Usui shall bear no risk related to the management and investment of the Settlement Fund.

(c)     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)     End-Payor Plaintiffs and Usui agree to treat the Settlement Fund as being at all times a qualified settlement fund within the meaning of Treas. Reg. § 1.468B-1. In addition, Settlement Class Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 27, including the relation-back election (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Settlement Class Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. All provisions of this Agreement shall be interpreted in a manner that is consistent with the Settlement Amount being a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1.

(e)     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator of the Settlement Fund

shall be Settlement Class Counsel. Settlement Class Counsel shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k), (1)). Such returns (as well as the election described in Paragraph 27(d) above) shall be consistent with Paragraph 27(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 27(f) hereof.

(f)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Usui or any other Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 27(d) through 27(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in Paragraph 27(e) ("Tax Expenses")), shall be paid out of the Settlement Fund.

(g)     Neither Usui nor any other Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes

and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). Usui shall not be responsible or have any liability therefor. End-Payor Plaintiffs and Usui agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 27(d) through 27(f).

    (h)  If this Agreement does not receive final Court approval, including final approval of the Settlement Class as defined in Paragraph 12, or if the Action is not certified as class Action for settlement purposes, then all amounts paid by Usui into the Settlement Fund (other than out-of-pocket costs expended or incurred in accordance with Paragraphs 27 and 30 but in such event Settlement Class Counsel shall not be entitled to attorneys' fees arising out of or related to class notice and/or the administration, management and investment of the Settlement Fund), shall be returned to Usui from the Escrow Account by the Escrow Agent, along with any interest accrued thereon, within thirty (30) calendar days of the court's final determination denying final approval of the Agreement and/or Settlement Class.

    28.  Injunctive Relief.

    Subject to the provisions hereof, and in full, complete, and final settlement of the Action as provided herein, Usui further agrees that it will not engage in conduct that constitutes a *per se* violation of Section 1 of the Sherman Act (whether characterized as price fixing, market allocation, bid rigging, or otherwise) with respect to the sale of Automotive Steel Tubes for a period of twenty-four (24) months from the date of the entry of final judgment.

    29.  Exclusions from the Settlement Class.

Subject to Court approval, any person or entity seeking exclusion from the Settlement Class must file a written request for exclusion by the Opt-Out Deadline, which shall be the date set by the Court by which any class member must request exclusion from the Settlement Class. Any person or entity that files such a request shall be excluded from the Settlement Class and shall have no rights with respect to this settlement. Subject to Court approval, a request for exclusion that does not comply with all of the provisions set forth in the applicable class notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed Settlement Class Member(s) and shall be bound by the Settlement Agreement upon final approval. Settlement Class Counsel shall, within ten (10) business days of the Opt Out Deadline, provide Usui with a list and copies of all opt-out requests it receives in the Action and shall file with the Court a list of all Settlement Class Members who timely and validly opted out of the settlement.

(a)      Subject to Court Approval, any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement. Usui reserves all of its legal rights and defenses, including, but not limited to, any defenses relating to whether any excluded member of the Settlement Class is an indirect purchaser of Automotive Steel Tubes or has standing to bring any claim against Usui.

(b)      Subject to Court Approval, in the written request for exclusion, the member of the Settlement Class must state his, her, or its full name, street address, and telephone number. Further, the member of the Settlement Class must include a statement in the written request for exclusion that he, she, or it wishes to be excluded from the settlement. Any member of the Settlement Class that submits a written request for exclusion may also identify the number

15

of Vehicles purchased from December 1, 2003 through the Execution Date of this Agreement as requested in the notice to the Settlement Class as provided in Paragraph 20.

(c)     Usui or Settlement Class Counsel may dispute an exclusion request, and the parties shall, if possible, resolve the disputed exclusion request by agreement and shall inform the Court of their position, and, if necessary, obtain a ruling thereon within thirty (30) days of the Opt-Out Deadline.

30.     Payment of Expenses.

(a)     Usui agrees to permit a reasonable portion of the Settlement Fund to be used towards notice to the Settlement Class and the costs of administration of the Settlement Fund. The notice and administration expenses are not recoverable if this settlement does not become final or is terminated to the extent such funds have actually been expended or incurred for notice and administration costs. Other than as set forth in this Paragraphs 27 and 30, Usui shall not be liable for any of the costs or expenses of the litigation of the Action, including attorneys' fees, fees and expenses of expert witnesses and consultants, and costs and expenses associated with discovery, motion practice, hearings before the Court or Special Master, appeals, trials, or the negotiation of other settlements, or for class administration and costs.

(b)     To mitigate the costs of notice and administration, End-Payor Plaintiffs shall use their best efforts, if practicable, to disseminate notice with any other settlements reached with other defendants in the MDL Litigation and to apportion the costs of notice and administration on a pro rata basis across the applicable settlements.

E.     The Settlement Fund.

31.     After this Agreement becomes final within the meaning of Paragraph 22, the Settlement Fund shall be distributed in accordance with a plan to be submitted to the Court at the appropriate time by Settlement Class Counsel, subject to approval by the Court. In no event shall

any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration except as expressly otherwise provided in Paragraph 30 of this Agreement.

32.    End-Payor Plaintiffs and Settlement Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses and costs, as provided by Court Order. Usui and the other Releasees shall not be liable for any costs, fees, or expenses of any of End-Payor Plaintiffs or the Settlement Class' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

33.    Settlement Class Counsel's Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for Class Representatives.

(a)    Settlement Class Counsel may submit an application or applications to the Court ("Fee and Expense Application") for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Fund; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Action and incentive awards, plus interest on such attorneys' fees, costs, and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid), as may be awarded by the Court ("Fee and Expense Award"). Settlement Class Counsel reserves the right to make additional applications for Court approval of fees and expenses incurred and reasonable incentive awards, but in no event shall Usui or any other Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Fund.

(b)     Subject to Court approval, End-Payor Plaintiffs and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees and past, current, or future litigation expenses and incentive awards. Attorneys' fees and expenses awarded by the Court shall be payable from the Settlement Fund upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Settlement Class Counsel's obligation to repay and refund to the Settlement Fund all attorneys' fees paid from the Settlement Fund to Settlement Class Counsel, with interest, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or award of expenses is reduced or reversed, or in the event the Agreement is rescinded or terminated pursuant to Paragraph 27(h) or Paragraph 47.

(c)     The procedure for and the allowance or disallowance by the Court of the application by Settlement Class Counsel for attorneys' fees, costs, and expenses, and incentive awards for class representatives to be paid out of the Settlement Fund is not part of this Agreement, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect the finality of the final approval of the settlement.

(d)     Neither Usui nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Settlement Class Counsel and/or End-Payor Plaintiffs of any Fee and Expense Award in the Action.

(e)     Neither Usui nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among

Settlement Class Counsel, End-Payor Plaintiffs and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

F. Cooperation.

34. In return for the release and discharge provided herein, Usui agrees to pay the Settlement Amount and be bound by the Injunctive Relief described in Paragraph 28, and further agrees to use its best efforts to provide satisfactory and timely Cooperation, as set forth specifically in Paragraphs 34-46. Cooperation shall take place in a manner that is in compliance with Usui's obligations to Government Entities (defined as the United States Department of Justice ("DOJ"), the Japanese Fair Trade Commission ("JFTC"), the European Commission ("EU"), or any other government entity).

35. *Identity of Individuals*. Within ten (10) business days of the Execution Date of this Agreement, Counsel for Usui shall provide Settlement Class Counsel with the identity of all current and former employees, directors and officers of Usui who: (1) were interviewed and/or prosecuted by any Government Entity in connection with alleged price-fixing, bid rigging and market allocation of Automotive Steel Tubes; (2) appeared before the grand jury in the DOJ's investigation into alleged antitrust violations with respect to Automotive Steel Tubes; and/or (3) were disclosed to the DOJ as having knowledge or information relating to the DOJ's investigation into alleged antitrust violations with respect to Automotive Steel Tubes.

36. *Transactional Data*. Upon the request of Settlement Class Counsel and subject to the parties' meeting and conferring regarding any extensions concerning the timing of the completion of production, no earlier than thirty (30) days after preliminary approval by the Court of this Agreement, Usui will use its best efforts to produce transactional data as maintained in the ordinary course of business and to the extent it exists in Usui's electronic databases, concerning Usui's sales of Automotive Steel Tubes sold to Original Equipment Manufacturers, or other

purchasers of Automotive Steel Tubes from December 1, 2001 through the Execution Date. In addition, if End-Payor Plaintiffs are still litigating the Action against one or more Defendants with respect to Automotive Steel Tubes, Usui will provide, in response to a written request from Settlement Class Counsel, a single production of electronic transactional data generated during the two years after the Execution Date of this Agreement concerning Automotive Steel Tubes, as it exists in Usui's electronic databases at the time of the request, within sixty (60) days of the receipt of such request. Usui shall preserve such transactional data until two (2) years after the Execution Date of this Agreement. Usui will produce transaction data only from existing electronic transaction databases, except that, to the extent Usui has not recorded or maintained electronic transaction data for any period between December 1, 2001 and two (2) years from the Execution Date of this Agreement, then Usui will use reasonable efforts to produce existing hard copy records of sales transactions not recorded or maintained electronically in the existing electronic sales transaction database.

37. In addition, after conducting a reasonable search, Usui shall, to the best of its knowledge, identify those Vehicles sold in the United States from December 1, 2003 through the Execution Date of this Agreement that contain Automotive Steel Tubes sold by Usui.

38. *Documents*. Upon the request of Settlement Class Counsel and subject to the parties' meeting and conferring regarding any extensions concerning the timing of the completion of production, Usui will use its best efforts to complete the production of the following Documents, including English translations, to the extent they exist, no later than thirty (30) days after preliminary approval by the Court of the Agreement: (1) Documents, provided to or seized by Government Entities relating to their investigation into alleged competition violations with respect to Automotive Steel Tubes; (2) non-privileged Documents concerning Automotive Steel

Tubes collected and reviewed in connection with a communication, meeting, or agreement regarding Automotive Steel Tubes, by any employee, officer or director of Usui with any employee, officer, or director of another manufacturer or seller of Automotive Steel Tubes, but that were not provided to or seized by Government Entities; (3) Documents concerning Usui's determination of their prices for Automotive Steel Tubes; and (4) Documents soliciting requests for quotation ("RFQ"), bids submitted in response to RFQs, RFQ award notifications, and post-award price adjustments for Automotive Steel Tubes, including any Annual Price Reduction (APR) Documents As to Documents in Usui's possession, custody, or control that are not listed above, Usui will consider in good faith any reasonable request by End-Payor Plaintiffs to collect and produce such Documents provided the request would not impose an undue burden on Usui.

39. *Attorney Proffers and Witness Interviews.* Additionally, Usui shall use its best efforts to cooperate with Settlement Class Counsel as set forth in Paragraphs 34-45.

(a) Usui's counsel will make themselves available at a mutually agreed location in the United States for up to three (3) meetings of one business day each to provide an attorneys' proffer of facts known to them, the first of which shall occur within thirty (30) business days of the Execution Date of the Agreement. Thereafter, Usui's counsel will make themselves available for reasonable follow-up conversations in connection with the attorney's proffers and will use best efforts to respond to questions posed by Settlement Class Counsel. Usui further agrees to make six (6) persons available for interviews and depositions, provide six (6) declarations or affidavits from the same persons, and make those persons available to testify at trial. Three (3) interviews shall be conducted by videoconference or at mutually agreed-upon locations to which End-Payor Plaintiffs and Automobile Dealership Plaintiffs will travel, and three (3) interviews and all depositions shall be conducted at a

mutually agreed-upon locations in the United States The depositions shall be limited to a total of seven (7) hours over one (1) day unless the deposition is in a language other than English, in which case the deposition shall be limited to a total of thirteen (13) hours over two (2) days. If the interview, deposition, or trial takes place outside the country of the witness's residence, Settlement Class Counsel and settlement class counsel for Automobile Dealership Plaintiffs shall together reimburse half the reasonable travel costs incurred by such persons for time or services rendered. Such travel expenses may include economy airfare, meals, lodging and ground transportation, but not airfare for business or first class seats. Reimbursable expenses shall not exceed $1,500 per deponent or trial witness unless otherwise agreed upon by the parties. Usui will bear the cost of translation services for the witness interviews and depositions. If the interview and the above-described deposition occur during the same trip, the above-limitations will apply to that trip. Nothing shall be construed to provide that Usui has control over former employees.

   (b) In addition to its Cooperation obligations set forth herein, Usui agrees to produce through affidavit(s), declaration(s). and/or at trial, in Settlement Class Counsel's discretion, representatives qualified to authenticate, establish as business records, or otherwise establish any other necessary foundation for admission into evidence of any Documents or transactional data produced or to be produced by Usui. Settlement Class Counsel agrees to use their best efforts to obtain stipulations that would avoid the need to call Usui witnesses at trial for the purpose of obtaining such evidentiary foundations.

   40. In the event that Usui produces Documents, including translations, or provides declarations or written responses to discovery to any party or nonparty in the actions in the MDL Litigation, concerning or relating to the Action ("Relevant Production"), Usui shall produce all

such Documents, declarations or written discovery responses to End-Payor Plaintiffs contemporaneously with making the Relevant Production. In addition, Usui shall provide End-Payor Plaintiffs with all cooperation it provides *pursuant* to any settlement agreement with any other party in this MDL Litigation, including, but not limited to, the Direct Purchaser Plaintiffs; provided, however, that in no event shall Paragraph 40 require Usui to provide to the End-Payor Plaintiffs such information and documents as Usui provides to any Direct Purchaser Plaintiff or OEM *during* settlement discussions that expressly are governed by Federal Rule of Evidence 408 or similar or analogous protections as may be applicable. To the extent that such cooperation includes any attorney proffer, witness interviews, or depositions of witnesses in addition to those already provided for in Paragraph 39, Settlement Class Counsel shall be permitted to attend and/or participate in such attorney proffer, witness interviews or depositions, and shall be entitled to ask questions for a period up to three (3) hours at any interview or deposition (provided that this shall not expand the time permitted for any deposition). All such additional Cooperation shall be coordinated, to the extent reasonably practicable, between Settlement Class Counsel, settlement class counsel for Automobile Dealer Plaintiffs, and settlement class counsel for the Direct Purchaser Plaintiffs, or such other party whom such cooperation is provided pursuant to a settlement agreement. End-Payor Plaintiffs' receipt of, or participation in, cooperation provided by Usui shall not in any way limit End-Payor Plaintiffs' entitlement to receive Cooperation as set forth in this Section F, including, but not limited to, attorney proffers, witness interviews, and depositions.

41.     This Agreement does not restrict Settlement Class Counsel from noticing, attending and/or participating in any deposition in the MDL Litigation. Settlement Class Counsel may notice, attend, cross-notice and/or participate in any depositions of Usui's witnesses in

addition to the depositions set forth in Paragraph 39, and Settlement Class Counsel together with settlement class counsel for the Automobile Dealership Plaintiffs may ask questions for a combined total of three (3) hours at such deposition, provided that the time for participation of Settlement Class Counsel and settlement class counsel for the Automobile Dealership Plaintiffs shall not expand the time permitted for the deposition as may be provided by the Court, and Settlement Class Counsel will not ask the Court to enlarge the time of any deposition noticed of an Usui current or former employee. Participation by Settlement Class Counsel in the depositions discussed in this Paragraph will not limit the number of depositions to be provided under Paragraph 39 above. End-Payor Plaintiffs and Settlement Class Counsel agree to use their best efforts to ensure that any depositions taken under Paragraph 39 above are coordinated with any other deposition noticed in the MDL Litigation to avoid unnecessary duplication.

42. Usui's obligations to provide Cooperation shall not be affected by the releases set forth in this Settlement Agreement. Unless this Agreement is rescinded, disapproved, or otherwise fails to take effect, Usui's obligations to provide Cooperation under this Agreement shall continue only until otherwise ordered by the Court, or the date that final judgment has been entered in all actions in *In re Automotive Parts Antitrust Litigation*, Master File No. 2:12-md-02311 against all Defendants. For purposes of this Paragraph, the tem "final" shall have the same meaning as set forth in Paragraph 22.

43. In the event that this Agreement fails to receive final approval by the Court, including final approval of the Settlement Class as defined in Paragraph 12, or in the event that it is terminated by either party under any provision herein, the parties agree that neither End-Payor Plaintiffs nor Settlement Class Counsel shall be permitted to introduce into evidence against Usui, at any hearing or trial, or in support of any motion, opposition or other pleading in the

Action or in any other federal or state or foreign action alleging a violation of any law relating to the subject matter of the Action, any Documents provided by Usui and/or the other Releasees, their counsel, or any individual made available by Usui pursuant to Cooperation (as opposed to from any other source or pursuant to a court order). This limitation shall not apply to any discovery of Usui which Settlement Class Counsel participate in as part of the MDL Litigation. Notwithstanding anything contained herein, End-Payor Plaintiffs and the Settlement Class are not relinquishing any rights to pursue discovery against Usui in the event that this Agreement fails to receive final approval by the Court, including final approval of the Settlement Class as defined in Paragraph 22, or in the event that it is terminated by either party under any provision herein.

44.     Usui and other Releasees need not respond to formal discovery requests from End-Payor Plaintiffs or otherwise participate in the Action during the pendency of this Agreement, with the exception of the Cooperation provisions set forth above in Paragraphs 34-46. Other than to enforce the terms of this Agreement, neither Usui nor End-Payor Plaintiffs shall file motions against the other, in the MDL Litigation or the Action, during the pendency of this Agreement.

45.     If Settlement Class Counsel believes that Usui or any current or former employee, officer or director of Usui has failed to cooperate under the terms of this Agreement, Settlement Class Counsel may seek an Order from the Court compelling such Cooperation. Nothing in this provision shall limit in any way Usui's ability to defend the level of Cooperation it has provided or to defend its compliance with the terms of the Cooperation provisions in this Agreement.

46.     Usui shall be entitled to designate all Cooperation Materials in accordance with the Protective Order entered in the Stipulation and Protective Order Governing the Production

and Exchange of Confidential Information, Master File No. 2:12-md-2311 (E.D. Mich. July 10, 2012) (ECF No. 200) or to be entered in this Action.

G.     Rescission if this Agreement is Not Approved or Final Judgment is Not Entered.

47.     If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify the Settlement Class in accordance with the specific Settlement Class definitions set forth in this Agreement, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgments provided for in Paragraph 22 of this Agreement, or if the Court enters the final judgments and appellate review is sought, and on such review, such final judgments are not affirmed in their entirety, then Usui and End-Payor Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 62. A modification or reversal on appeal of any amount of Settlement Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

48.     In the event that this Agreement does not become final as set forth in Paragraph 22, or this Agreement otherwise is terminated pursuant to Paragraph 47, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Usui less only disbursements made in accordance with Paragraphs 27, 30 and 33(b) of this Agreement. Usui expressly reserves all rights and defenses if this Agreement does not become final.

49.     Further, and in any event, End-Payor Plaintiffs and Usui agree that this Agreement, whether or not it shall become final, and any and all negotiations, Documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of (i) any violation of any statute or law or of any liability or wrongdoing whatsoever by Usui, or

the other Releasees, to be used against Usui, or of (ii) the truth of any of the claims or allegations contained in the Complaint or any other pleading filed in the MDL Litigation, to be used against Usui, and evidence thereof shall not be discoverable or used in any way, whether in the MDL Litigation or in any other action or proceeding, against Usui. Subject to the Protective Order (and designations effected thereunder) as referenced in Paragraph 46, this Paragraph shall not prevent End-Payor Plaintiffs from using Cooperation Materials produced by Usui against any other defendants in any action in the MDL Litigation or in confidential settlement discussions to establish (i) or (ii) above.

50.    This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Agreement.

51.    The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 18-22 hereof, appropriate notice 1) of the settlement; and 2) of a hearing at which the Court will consider the approval of this Agreement, will be given to the Settlement Class.

H.    Miscellaneous.

55.    Usui shall submit all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

56.    This Agreement does not settle or compromise any claim by End-Payor Plaintiffs or any Settlement Class Member asserted in the Complaint or, if amended, any subsequent complaint, against any Defendant or alleged co-conspirator other than Usui. All rights against such other Defendants or alleged co-conspirators are specifically reserved by End-Payor Plaintiffs and the Settlement Class. All rights of any Settlement Class Member against any and all former, current, or future Defendants or co-conspirators or any other person other than Usui

27

and the other Releasees, for sales made by Usui and Usui's alleged illegal conduct are specifically reserved by End-Payor Plaintiffs and Settlement Class Member. Usui's sales to the class and its alleged illegal conduct shall, to the extent permitted or authorized by law, remain in the Action as a basis for damage claims and shall be part of any joint and several liability claims against other current or future Defendants in the Action or other persons or entities other than Usui's and the other Releasees. Usui shall not be responsible for any payment to End-Payor Plaintiffs other than the amount specifically agreed to in Paragraph 26 of this Agreement.

57. The United States District Court for the Eastern District of Michigan shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by End-Payor Plaintiffs and Usui, including challenges to the reasonableness of any party's actions. This Agreement shall be governed by and interpreted according to the substantive laws of the state of Michigan without regard to its choice of law or conflict of laws principles. Usui will not object to complying with any of the provisions outlined in this Agreement on the basis of jurisdiction.

58. This Agreement constitutes the entire, complete and integrated agreement among End-Payor Plaintiffs and Usui pertaining to the settlement of the Action against Usui, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations and discussions, either oral or written, between End-Payor Plaintiffs and Usui in connection herewith. This Agreement may not be modified or amended except in writing executed by End-Payor Plaintiffs and Usui, and approved by the Court.

59.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of End-Payor Plaintiffs and Usui. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by End-Payor Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors. The Releasees (other than Usui entities which are parties hereto) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

60.     This Agreement may be executed in counterparts by End-Payor Plaintiffs and Usui, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

61.     Neither End-Payor Plaintiffs nor Usui shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

62.     Where this Agreement requires either party to provide notice or any other communication or Document to the other, such notice shall be in writing, and such notice, communication or Document shall be provided by facsimile, or electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or similar notice constituting an acknowledgement of an email receipt for purposes of this Paragraph), or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

63.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement subject to Court approval.

*[signature pages follow]*

29

Dated: December 27, 2017

Steven Williams /ETC

Steven N. Williams
Elizabeth T. Castillo
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
ecastillo@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
toxford@susmangodfrey.com

Dated: December __, 2017

          Steven N. Williams
          Elizabeth T. Castillo
          **COTCHETT, PITRE & McCARTHY, LLP**
          San Francisco Airport Office Center
          840 Malcolm Road, Suite 200
          Burlingame, CA 94010
          Telephone: (650) 697-6000
          Facsimile: (650) 697-0577
          swilliams@cpmlegal.com
          ecastillo@cpmlegal.com


          Hollis Salzman
          Bernard Persky
          William V. Reiss
          **ROBINS KAPLAN LLP**
          399 Park Avenue, Suite 3600
          New York, NY 10022
          Telephone: (212) 980-7400
          Facsimile: (212) 980-7499
          HSalzman@RobinsKaplan.com
          BPersky@RobinsKaplan.com
          WReiss@RobinsKaplan.com


          Marc M. Seltzer
          Steven G. Sklaver
          **SUSMAN GODFREY L.L.P.**
          1901 Avenue of the Stars, Suite 950
          Los Angeles, CA 90067-6029
          Telephone: (310) 789-3100
          Facsimile: (310) 789-3150
          mseltzer@susmangodfrey.com
          ssklaver@susmangodfrey.com

          Terrell W. Oxford
          Chanler Langham
          **SUSMAN GODFREY L.L.P.**
          1000 Louisiana Street, Suite 5100
          Houston, TX 77002
          Telephone: (713) 651-9366
          Facsimile: (713) 654-6666
          toxford@susmangodfrey.com

Dated: December __, 2017

                    Steven N. Williams
                    Elizabeth T. Castillo
                    **COTCHETT, PITRE & McCARTHY, LLP**
                    San Francisco Airport Office Center
                    840 Malcolm Road, Suite 200
                    Burlingame, CA 94010
                    Telephone: (650) 697-6000
                    Facsimile: (650) 697-0577
                    swilliams@cpmlegal.com
                    ecastillo@cpmlegal.com

                    Hollis Salzman
                    Bernard Persky
                    William V. Reiss
                    **ROBINS KAPLAN LLP**
                    399 Park Avenue, Suite 3600
                    New York, NY 10022
                    Telephone: (212) 980-7400
                    Facsimile: (212) 980-7499
                    HSalzman@RobinsKaplan.com
                    BPersky@RobinsKaplan.com
                    WReiss@RobinsKaplan.com

                    Marc M. Seltzer
                    Steven G. Sklaver
                    **SUSMAN GODFREY L.L.P.**
                    1901 Avenue of the Stars, Suite 950
                    Los Angeles, CA 90067-6029
                    Telephone: (310) 789-3100
                    Facsimile: (310) 789-3150
                    mseltzer@susmangodfrey.com
                    ssklaver@susmangodfrey.com

                    Terrell W. Oxford
                    Chanler Langham
                    **SUSMAN GODFREY L.L.P.**
                    1000 Louisiana Street, Suite 5100
                    Houston, TX 77002
                    Telephone: (713) 651-9366
                    Facsimile: (713) 654-6666
                    toxford@susmangodfrey.com

clangham@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed End-Payor Plaintiff Class*

Dated: December 20, 2017

Thomas G. McNeill
**DICKINSON WRIGHT**
500 Woodward Avenue
Suite 4000
Detroit, MI 48226-3425
Telephone: (313) 223-3500
TMcNeill@dickinsonwright.com

*Attorney for Defendants Usui Kokusai Sangyo Kaisha, Ltd., and Usui International Corporation*